UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONTY SASSEEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:02CV1187 DJS |
| | ) | (FRB) |
| JAMES PURKETT,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Monty Sasseen's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On August 9, 2001, petitioner was sentenced in the Circuit Court of Madison County, Missouri, to a term of eight years' imprisonment upon his entry of an Alford[2] plea to one count of Statutory Sodomy, First Degree.  Petitioner did not appeal his

---

[1]Petitioner is currently incarcerated at Farmington Correctional Center (FCC) in Farmington, Missouri.  Al Luebbers, Superintendent of FCC, should be substituted for James Purkett as proper party respondent inasmuch as he is petitioner's custodian. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

[2]North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (a defendant may constitutionally consent to imposition of sentence even if he is unwilling or unable to admit participation in the acts constituting the crime when the record strongly evidences guilt).

conviction or sentence or pursue post-conviction relief.  Nor did petitioner seek habeas relief pursuant to Missouri Supreme Court Rule 91.  The instant petition was filed in this Court on August 6, 2002.

In the instant petition for writ of habeas corpus, petitioner raises four claims for relief:

(1) That petitioner received ineffective assistance of counsel in that counsel's failure to prepare for trial by failing to investigate witnesses whose testimony would have been favorable to petitioner, forced petitioner to enter an Alford plea which was not knowingly, intelligently and voluntarily made;

(2) That petitioner's Alford plea was obtained through prosecutorial misconduct in that the State knew its evidence to support petitioner's conviction was false;

(3) That petitioner's Alford plea was obtained through judicial misconduct in that the court refused petitioner's request to terminate counsel's representation, thereby forcing petitioner to proceed to trial with unprepared counsel or to enter a guilty plea; and by becoming angry at petitioner's refusal to admit actual guilt to the offense alleged, thereby forcing petitioner to enter an Alford plea; and

(4) That the trial court lacked jurisdiction to accept petitioner's plea and to impose sentence inasmuch as the judge had previously been recused from presiding over the matter.

In response, respondent contends that petitioner's claims are procedurally barred from federal habeas review inasmuch as petitioner failed to raise them in a motion for post-conviction relief under Missouri Supreme Court Rule 24.035.  Respondent

further contends that petitioner's assertions of cause to excuse his default are insufficient to overcome this procedural bar, and that therefore the claims should be denied. For the following reasons, the undersigned determines that, under Missouri law, the unique circumstances of this case require the Court to find none of petitioner's claims to be exhausted and that therefore the instant petition in its entirety is not ripe for this Court's consideration under 28 U.S.C. § 2254.

It is well settled that a petitioner must exhaust his state law remedies before the federal court may grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Comity dictates that the state court should have the opportunity in the first instance to review and correct any constitutional violations which may have occurred in its forum. Boerckel, 526 U.S. at 844-45. The exhaustion doctrine is therefore designed to give the state courts a full and fair opportunity to resolve such constitutional claims before they are presented to the federal court. Id. at 845.

In this cause, petitioner raises claims challenging the voluntariness of his Alford plea as well as the trial court's

jurisdiction to accept the plea and impose sentence.  As admitted by petitioner, such claims are to be brought pursuant to Missouri's post-conviction procedure as provided under Missouri Supreme Court Rule 24.035.[3]  A Rule 24.035 motion is to be filed "within ninety days after the date the mandate of the appellate court is issued," or, if no direct appeal of the judgment was taken, "within ninety days of the date the person is delivered to the custody of the department of corrections."  Mo. S. Ct. R. 24.035(b).  No appeal was taken in this cause within the ten-day period for seeking direct appeal.  <u>See</u> Mo. S. Ct. R. 30.01.  Petitioner was therefore required to file any motion under Rule 24.035 within ninety days of his delivery to the Missouri Department of Corrections.  Petitioner failed to file any such motion.  Petitioner claims, however, that because he requested his attorney to file a direct appeal in his cause and that counsel advised he would do so, petitioner believed that an appeal was indeed pending during the period within which petitioner would have had to otherwise file a motion for post-conviction relief.  Petitioner contends that when he ultimately learned that no appeal had been taken on his behalf, the time for pursuing post-conviction relief under Rule 24.035 had expired.  The

---

[3]A motion for post-conviction relief under Rule 24.035 provides the exclusive means by which a defendant who has plead guilty may seek relief in the sentencing court for claims that his conviction or sentence violates the Constitution, including claims of ineffective assistance of counsel and that the court imposing sentence was without jurisdiction to do so.  Mo. S. Ct. R. 24.035(a).

petitioner then turned to this Court for relief, acknowledging that, for the above stated reasons, his claims had not been presented to the state court.

In <u>State ex rel. Simmons v. White</u>, 866 S.W.2d 443 (Mo. banc 1993), the Missouri Supreme Court held that a petitioner who fails to pursue appellate and post-conviction remedies may nevertheless pursue state habeas corpus relief under Missouri Supreme Court Rule 91 to raise jurisdictional issues, or under circumstances so rare and exceptional that a manifest injustice would result if habeas relief was not granted. <u>Simmons</u>, 866 S.W.2d at 446. <u>See also</u> <u>Duvall v. Purkett</u>, 15 F.3d 745, 746-47 (8th Cir. 1994). In <u>State ex rel. Hahn v. Stubblefield</u>, 996 S.W.2d 103 (Mo. Ct. App. 1999), the Missouri Court of Appeals determined that an attorney's failure to file a timely notice of appeal in a criminal case, regardless of his motive, constitutes an abandonment of the defendant in the case, and is a "rare and exceptional circumstance" that rises to the level of manifest injustice. <u>Hahn</u>, 996 S.W.2d at 108. The <u>Hahn</u> court determined, therefore, that under <u>Simmons</u>, such abandonment excuses the criminal defendant's failure to pursue an appeal or post-conviction proceedings and makes available to him the opportunity to seek habeas relief under Missouri Supreme Court Rule 91. <u>Hahn</u>, 996 S.W.2d at 108; <u>see also</u> <u>Shands v. Purkett</u>, 211 F.3d 1077, 1078 (8th Cir. 2000).[4]

---

[4]Indeed, the undersigned notes that in <u>Hahn</u>, habeas relief was granted in such circumstances, and the cause was remanded to the

In this cause, petitioner's counsel failed to take a direct appeal despite petitioner's instruction and counsel's apparent agreement to do so. Cf. State v. Thomas, 96 S.W.3d 834, 838 (Mo. Ct. App. 2002) (although court of appeals' scope of review is limited, direct appeal may nevertheless be taken from guilty plea). Petitioner did not become aware of counsel's abandonment until after the expiration of the period within which post-conviction relief could have been sought. Under Hahn, therefore, petitioner's plight constitutes a rare and exceptional circumstance which excuses his failure to seek such appellate and/or post-conviction relief and makes available to him the opportunity to seek habeas relief from the state courts under Missouri Supreme Court Rule 91. Hahn, 996 S.W.2d at 108; Simmons, 866 S.W.2d at 446. A review of the file shows, and petitioner acknowledges, that he has not yet taken this opportunity. Because a petition for writ of habeas corpus under Rule 91 may be brought at any time and is not subject to a period of limitations, see White v. State, 779

---

trial court with instructions to vacate and set aside the sentence and to resentence the petitioner, after which petitioner could then pursue a timely appeal. Hahn, 996 S.W.2d at 108-09. Addressing like circumstances in Shands, the Eighth Circuit noted the State to recommend that the cause be remanded to the district court with instructions to dismiss the federal habeas petition for failure to exhaust, given the availability of Rule 91 habeas relief in state court. Shands, 211 F.3d at 1078. Notably, when faced with the possibility that a petition filed in federal court subsequent to exhaustion may be time-barred, the State "assured [the Eighth Circuit] that it would not assert a statute of limitations defense." Id.

S.W.2d 571, 572 (Mo. banc 1989); Fletcher v. Armontrout, 725 F. Supp. 1075, 1086 (W.D. Mo. 1989), petitioner has a remedy currently available to him by which to seek relief in the Missouri state courts, see Shands, 211 F.3d at 1078; Hahn, 996 S.W.2d at 108, thereby rendering the instant petition, in its entirety, unexhausted.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a district court was required to dismiss a petition which contained any unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). Such dismissal was without prejudice, however, to provide the petitioner the opportunity to return to state court to present those unexhausted claims and then come back to federal court to refile a fully exhausted petition. Id. at 522. The AEDPA, however, introduced a period of limitations within which aggrieved state petitioners may seek habeas relief in federal court. 28 U.S.C. § 2244(d). With such a limitation, a petitioner whose petition was dismissed without prejudice under Lundy may now find himself time-barred from returning to federal court thereafter to present a fully exhausted petition. See Duncan v. Walker, 533 U.S. 167, 183-84 (2001) (Stevens, J., concurring); see also, e.g., Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003).

In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005), the Supreme Court recently addressed this crossroads at which the AEDPA limitations period now places those petitioners whose habeas

petitions may be dismissed without prejudice under Lundy on account of unexhausted claims. The Supreme Court recognized that

> petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismissed it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review.

Id. at 1533.

The Court determined, therefore, that in limited circumstances, the district court has the discretion to stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his otherwise unexhausted claims. Once the petitioner exhausts his state remedies, the stay is lifted and the petitioner is permitted to proceed in federal court on all of his claims, now fully exhausted. Id. at 1534-1535.

Notably, in Rhines, the Supreme Court addresses only those habeas petitions first presented to the federal court as "mixed" petitions, that is, petitions which contain both exhausted and unexhausted claims. See Lee v. Norris, 354 F.3d 846, 849 (8th Cir. 2004) (definition of "mixed" petition). Under the Rhines "stay and abeyance" procedure, therefore, the district court would maintain its jurisdiction over the exhausted habeas claims while

petitioner pursued the unexhausted claims in state court.[5] The instant habeas petition before this Court, however, is not such a mixed petition in that it does not contain any exhausted claims. Instead, all of petitioner's claims are unexhausted.

Abrogating <u>Lundy</u>'s absolute requirement of total exhaustion before federal court review, the AEDPA now permits the federal habeas court in its discretion to address the merits of unexhausted claims. 28 U.S.C. § 2254(b)(2). An unexhausted claim cannot provide the basis, however, upon which a habeas petition may be *granted,* <u>id.</u>, thereby precluding any award of habeas relief on a petition, such as the petitioner's here, which contains only unexhausted claims. Addressing the merits of a fully unexhausted petition, therefore, would decrease a petitioner's incentive to exhaust his claims in state court prior to filing his federal petition, a goal which remains under the AEDPA. <u>See</u> <u>Rhines</u>, 125 S. Ct. at 1534-35. In addition, in the absence of any state record, it cannot be said on the face of the petition that the petitioner's unexhausted claims here are plainly meritless. <u>Cf.</u> <u>Rhines</u>, 125 S. Ct. at 1535 (citing district court's ability under AEDPA to address unexhausted claims, Court opined that district court would abuse

---

[5] In circumstances where the imposition of a stay would be inappropriate, the Supreme Court in <u>Rhines</u> continued to sanction the procedure outlined in <u>Lundy</u> by which a habeas petitioner should be allowed to delete his unexhausted claims so that the district court could proceed to determine the exhausted claims raised in the petition. <u>Rhines</u>, 125 S. Ct. at 1535 (citing <u>Lundy</u>, 455 U.S. at 520).

discretion to grant a stay when a petitioner's claims are "plainly meritless") (citing 28 U.S.C. § 2254(b)(2)); see also Cowans v. Artuz, 14 F. Supp. 2d 503, 506-07 (S.D.N.Y. 1998) (decision not to address fully unexhausted petition on its merits strengthened where petitioner's claims are not patently frivolous). In such circumstances, therefore, the undersigned finds it most appropriate for the Court to decline to exercise its discretion to determine a fully unexhausted petition on its merits.

The question therefore turns to the course to be taken with respect to an unexhausted habeas petition which the Court, in its discretion, declines to determine on its merits. The undersigned again looks to the Supreme Court's decision in Rhines for guidance. As stated above, Rhines held that a habeas petition which contains both exhausted and unexhausted claims may be stayed and held in abeyance by the district court to give the petitioner the opportunity to return to state court to exhaust his unexhausted claims without jeopardizing his exhausted claims, otherwise timely filed under the AEDPA, to being forever time-barred from federal habeas review. The Supreme Court opined, however, that such a "stay and abeyance" procedure should be available only in limited circumstances:

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Morever, even if petitioner had good cause for that

> failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Rhines, 125 S. Ct. at 1535.

Assuming arguendo that a Rhines-like stay would be permitted in circumstances where no exhausted claims have initially been presented to the district court, the imposition of such a stay would be inappropriate here inasmuch as no good cause is shown for petitioner's failure to first seek available relief in state court under Missouri Supreme Court Rule 91. At the time petitioner filed the instant federal habeas petition in August 2002, it was established under Missouri law that Rule 91 habeas relief was available under limited circumstances to petitioners who failed to seek appellate or post-conviction relief. State ex rel. Simmons v. White, 866 S.W.2d 443 (Mo. banc 1993). In addition, prior to August 2002, Missouri state and federal courts alike had determined that Rule 91 provides an adequate state remedy to habeas petitioners who seek to raise claims which would have been previously pursued in state court but for the abandonment of

counsel in taking an appeal. State ex rel. Hahn v. Stubblefield, 996 S.W.2d 103 (Mo. Ct. App. 1999); Shands v. Purkett, 211 F.3d 1077 (8th Cir. 2000); Shands v. Purkett, No. 4:95CV2433 RWS (E.D. Mo. May 24, 2000) (order and judgment). Further, it is well established under Missouri law that a habeas petition under Rule 91 may be brought at any time. White v. State, 779 S.W.2d 571 (Mo. banc 1989); Fletcher v. Armontrout, 725 F. Supp. 1075 (W.D. Mo. 1989). Against this legal backdrop, petitioner's misunderstanding as to the availability of Rule 91 habeas relief (see Petn. at 5-D) is not sufficient cause to excuse his failure to exhaust available state remedies. Cf. Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003) (no cause for procedural default where legal precedent provided the tools needed to construct legal argument before state court); McDougald v. Lockhart, 942 F.2d 508, 512 (8th Cir. 1991) (availability of legal argument negates petitioner's claim of cause for procedural default). The imposition of a stay in this matter, if indeed available, would therefore be inappropriate. See Rhines, 125 S. Ct. at 1535.

Nevertheless, the undersigned notes that subsequent to the Supreme Court's decision in Rhines, at least one district court has determined that imposing a stay in habeas cases where only unexhausted claims have been presented to the federal court would be inappropriate under any circumstance. See Shomo v. Maher, No. 04-CV-4149 KMK, 2005 WL 743156 (S.D.N.Y. Mar. 31, 2005).

Recognizing that federal habeas petitions which contain only unexhausted claims raise a "different question" as to the propriety of a stay than that raised in the context of a mixed petition as in Rhines, the United States District Court for the Southern District of New York aptly stated:

> While a stay might permit [petitioner] the opportunity to exhaust his state claims without risk that his petition would be time barred, there is no basis to retain jurisdiction over a petition that contains only unexhausted claims. . . . Moreover, entering a stay in cases such as this would turn federal courts into a "jurisdictional parking lot" for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement.

Shomo, 2005 WL 743156, at *7 n.12 (citations omitted).

In addition, on a fully unexhausted petition, the district court would be unable to take the next step as directed by the Supreme Court in Rhines if the court were to find a stay to be inappropriate, that is, to permit the petitioner to delete his unexhausted claims so that the district court could address the remaining claims which were fully exhausted. Rhines, 125 S. Ct. at 1535. If a petitioner were to delete his unexhausted claims from a fully unexhausted petition, nothing would remain for the district court to review.

In light of the district court's inability to grant relief on a fully unexhausted petition, the AEDPA's goal and

continued preference of total exhaustion before federal habeas review, and the inappropriateness of a stay on petitions which contain only unexhausted claims, the undersigned finds that federal habeas petitions brought under 28 U.S.C. § 2254 which contain only unexhausted claims should be dismissed without prejudice to permit the petitioner to return to state court to provide that forum the opportunity to correct any alleged constitutional wrongs. See Boerckel, 526 U.S. at 844-45; Lundy, 455 U.S. at 518 (federal courts to defer to state courts' opportunity to correct a constitutional violation).[6] Accordingly, the undersigned recommends that the instant petition for writ of habeas corpus be dismissed in its entirety without prejudice. To the extent petitioner may argue that such a dismissal effectively removes his claims from consideration by the federal court given the period of limitations under the AEDPA, the undersigned notes that, in the event petitioner is denied relief in state court and federal habeas relief is sought subsequent to exhaustion of state court remedies, the petitioner will not be precluded from claiming that the time limitations of the AEDPA should be equitably tolled in the circumstances of the case. See Duncan, 533 U.S. at 183-84 (Stevens, J., concurring); Flanders v. Graves, 299 F.3d 974, 977

---

[6]To the extent it may be determined that a Rhines stay could be available on a fully unexhausted petition, good cause for petitioner's failure here to exhaust his available state remedies nevertheless is lacking, thereby removing the instant matter from those limited circumstances in which imposing the stay and abeyance procedure would be appropriate. See discussion supra at pp. 11-12.

(8th Cir. 2002) (setting out circumstances under which equitable tolling may permit the filing of an otherwise untimely habeas petition); cf. Cross-Bey, 322 F.3d at 1015 (recognizing availability of equitable tolling as articulated by Justice Stevens in Duncan, but declining to extend such tolling to case not so "clear-cut" as described by Justice Stevens). Whether the State would invoke a statute of limitations defense, see, e.g., Shands, 211 F.3d at 1078, and/or whether petitioner would be entitled to equitable tolling, however, are matters to be resolved upon the filing, if any, of a subsequent petition.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that, pursuant to Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts, Al Luebbers, Superintendent of FCC, be substituted for James Purkett as proper party respondent.

**IT IS FURTHER RECOMMENDED** that the petition of Missouri state prisoner Monty Sasseen for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed in its entirety without prejudice for petitioner's failure to exhaust available state law remedies.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in

waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).


                                    _____
                                    UNITED STATES MAGISTRATE JUDGE



Dated this  *29th*  day of April, 2005.